**LAQUER, URBAN, CLIFFORD & HODGE LLP**
Michael Y. Jung, State Bar No. 245260
  Email: *mjung@luch.com*
225 South Lake Avenue, Suite 200
Pasadena, California  91101-3030
Telephone: (626) 449-1882
Facsimile: (626) 449-1958

Counsel for Plaintiffs, Trustees of the
Operating Engineers Pension Trust, et al.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND, TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST, TRUSTEES OF THE OPERATING ENGINEERS TRAINING TRUST, FUND FOR CONSTRUCTION INDUSTRY ADVANCEMENT, ENGINEERS CONTRACT COMPLIANCE COMMITTEE FUND, CONTRACT ADMINISTRATION FUND, SOUTHERN CALIFORNIA PARTNERSHIP FOR JOBS FUND, and OPERATING ENGINEERS WORKERS' COMPENSATION TRUST, | CASE NO.:  2:18-cv-03386 <br><br> **COMPLAINT FOR:** <br><br> 1) **BREACH OF WRITTEN COLLECTIVE BARGAINING AGREEMENT AND VIOLATION OF ERISA § 515 [29 U.S.C. § 1145];** <br><br> 2) **BREACH OF WRITTEN SETTLEMENT AGREEMENT** |
| Plaintiffs, | |
| vs. | |
| YOUNG AND ASSOCIATES, a California corporation, | |
| Defendant. | |

Plaintiffs TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND, TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST, TRUSTEES OF THE OPERATING ENGINEERS TRAINING TRUST, FUND FOR CONSTRUCTION INDUSTRY ADVANCEMENT, ENGINEERS CONTRACT COMPLIANCE COMMITTEE FUND, CONTRACT ADMINISTRATION FUND, SOUTHERN CALIFORNIA PARTNERSHIP FOR JOBS FUND, and OPERATING ENGINEERS WORKERS' COMPENSATION TRUST complain and allege:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction of this case pursuant to section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") [29 U.S.C. § 1132(e)(1)], which grants the United States District Courts exclusive jurisdiction over civil actions brought by a fiduciary pursuant to section 502(a)(3) of ERISA [29 U.S.C. § 1132(a)(3)], to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA.  Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in section 502(f) of ERISA [29 U.S.C. § 1132(f)].

2.      This Court also has jurisdiction of this case pursuant to section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA") [29 U.S.C. § 185(a)], which grants the United States District Courts original jurisdiction over suits for violation of contracts between an employer and a labor organization in an industry affecting commerce, without respect to the amount in controversy and the citizenship of the parties.

3.      Venue is proper in this Court pursuant to section 502(e)(2) of ERISA [29 U.S.C. § 1132(e)(2)], and section 301(a) of the LMRA [29 U.S.C. § 185(a)], in that this is the district in which the Plaintiffs' Trusts (defined below) are administered, the

1212212

1  signatory union maintains union offices, and where the contractual obligation is to be
2  paid.

3      4.    To the extent this Complaint sets forth any state law claims, this Court
4  has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

5                                        **PARTIES**

6      5.    Plaintiffs, Trustees of the Operating Engineers Pension Trust, Trustees of
7  the Operating Engineers Health and Welfare Fund, Trustees of the Operating
8  Engineers Vacation-Holiday Savings Trust and Trustees of the Operating Engineers
9  Training Trust (collectively, the "Trustees"), are the trustees of four express trusts
10 (collectively, the "Trusts") created pursuant to written declarations of trust (the "Trust
11 Agreements") between the International Union of Operating Engineers, Local Union
12 No. 12 ("Local 12"), and various multiemployer associations in the construction
13 industry in Southern California and Southern Nevada.  The Trusts are now, and were
14 at all times material to this action, labor-management multiemployer trusts created and
15 maintained pursuant to section 302(c)(5) of the LMRA [29 U.S.C. § 186(c)(5)].  The
16 Trustees, as trustees of the Trusts, are "fiduciar[ies]" with respect to the Trusts as
17 defined in section 3(21)(A) of ERISA [29 U.S.C. § 1002(21)(A)].  Plaintiff Fund for
18 Construction Industry Advancement is an employer established and administered trust
19 formed and created to protect and expand the interests of the construction industry.
20 Plaintiff Engineers Contract Compliance Committee Fund is established by Local 12
21 in accordance with Section 6(b) of the Labor Management Cooperation Act of 1978 in
22 order to improve job security and organizational effectiveness. Plaintiff Contract
23 Administrative Fund is an employer established fund for the purpose of protecting and
24 promoting the interests and welfare of the construction industry, its individual
25 employers, and employees.  Plaintiff Southern California Partnership for Jobs Fund is
26 an industry-wide advancement fund established by the employers and Local 12.
27 Plaintiff Operating Engineers Workers' Compensation Trust is a trust fund established
28

by Local 12 and certain employers to administer worker's compensation benefits. Collectively, all plaintiffs are referred to herein as the "Plaintiffs."

6.      At all times material herein, Local 12 has been a labor organization representing employees in the building and construction industry in Southern California and Southern Nevada, and a labor organization representing employees in an industry affecting commerce within the meaning of § 301(a) of the Labor-Management Relations Act of 1947, as amended [29 U.S.C. § 185(a)].

7.      At all times material herein, defendant Young and Associates, has been a corporation duly organized and existing by virtue of the laws of the State of California, with its principal place of business located in San Marino, California.

## BARGAINING AGREEMENT AND STATUS OF PARTIES

8.      On or about July 11, 2012, Young and Associates became a member of the Engineering Contractors' Association ("ECA"), a multi-employer association, and granted all bargaining authority to ECA.

9.      As a member of ECA, Young and Associates is bound by the terms and conditions of the Master Labor Agreement (the "Master Agreement") in effect between Local 12 and ECA, as well as the incorporated Trust Agreements.  On or about June 16, 1994, Young and Associates also signed written acknowledgments and acceptances of each of the Trust Agreements.  At all times since at least July 11, 2012, the Master Agreement has been a written collective bargaining agreement in effect between ECA and Local 12.

10.      At all times material herein, Young and Associates has been obligated to the terms and provisions of the Master Agreement and Trust Agreements.

11.      Young and Associates is an "*employer*," as that term is understood in the Master Agreement and related Trust Agreements.

12.      Young and Associates is an "*employer*" as defined and used in section 3(5) of ERISA [29 U.S.C. § 1002(5)], and therefore, Young and Associates is "*obligated to make contributions to a multiemployer plan*" within the meaning of

section 515 of ERISA [29 U.S.C. § 1145]. Plaintiffs are informed and believe, and thereon allege, that Young and Associates is also an "*employer*" engaged in "*commerce*" in an "*industry affecting commerce*," as those terms are defined and used in sections 501(1) and 501(3) of the LMRA [29 U.S.C. § 142(1) and § 142(3)], and within the meaning and use of section 301(a) of the LMRA [29 U.S.C. § 185(a)].

## FIRST CLAIM FOR RELIEF

### Breach of Written Collective Bargaining Agreement and Violation of § 515 of ERISA [29 U.S.C. § 1145]

13. Plaintiffs hereby incorporate by reference paragraphs 1 through 12 above to the same effect as if set forth here verbatim.

14. Section 515 of ERISA [29 U.S.C. § 1145], provides *"[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."*

15. Young and Associates is an "*employer*" as defined and used in § 3(5) of ERISA [29 U.S.C. § 1002(5)], and is *"obligated to make contributions to a multiemployer plan"* within the meaning and use of section 515 of ERISA [29 U.S.C. § 1145].

16. By the terms and provisions of the Master Agreement and related Trust Agreements, and at all times material herein:

(A) Young and Associates agreed to prepare and submit true, complete, and accurate written monthly contribution reports ("Monthly Reports") to Plaintiffs on a timely basis showing the identities of its employees performing work covered by the Master Agreement, the number of hours worked by or paid to these employees, and based upon the hours worked or amounts paid to employees, the proper calculation of the fringe benefit contributions due for such employees. At all times material herein, Young and Associates has been obligated to submit its Monthly

1212212

Reports and pay its contributions to Plaintiffs at Plaintiffs' administrative offices in Pasadena, California, on or before the 10th day of each successive month;

        (B)    Young and Associates agreed to permit Plaintiffs and their agents to conduct audits of payroll and related records in order to determine if fringe benefit contributions have been properly paid pursuant to the Master Agreement and related Trust Agreements; and

        (C)    Young and Associates agreed to pay to Plaintiffs fringe benefit contributions, benefits, and/or withholdings on a monthly basis, and at specified rates for each hour worked by, or paid to, applicable employees.  These amounts are due and payable at Plaintiffs' administrative offices in Pasadena, California.

    17.    On or about March 14, 2017, Plaintiffs completed an audit ("Audit") of Young and Associates' records covering the time period from March 1, 2016 through December 31, 2016 ("Audit Period").  The Audit revealed that Young and Associates breached the Master Agreement and Trust Agreements, and its statutorily-mandated obligations under section 515 of ERISA [29 U.S.C. § 1145], by failing to report and pay fringe benefit contributions to the Plaintiffs in the sum of $28,088.44 based on unreported work performed by Young  and Associates during the Audit Period.

    18.    Young and Associates signed and submitted Monthly Reports to Plaintiffs reflecting work performed by Young and Associates' employees during the months of January 2017 through April 2017, December 2017, January 2018, February 2018, and March 2018.  By those Monthly Reports, Young and Associates admitted that it owed Plaintiffs fringe benefit contributions totaling at least $93,595.61, but Young and Associates failed to pay the fringe benefit contributions in violation of the Master Agreement and Trust Agreements, and its statutorily-mandated obligation under section 515 of ERISA [29 U.S.C. § 1145] to timely pay fringe benefit contributions to Plaintiffs pursuant to the Master Agreement and related Trust Agreements for that work.

///

19.   After crediting payments received from Young and Associates pursuant to the defaulted settlement agreement discussed below, Young and Associates currently owes fringe benefit contributions totaling at least $102,895.48 based on the Audit and Monthly Reports for the months of January 2017 through April 2017, and December 2017 through March 2018, a portion of which is also the subject of the second cause of action for breach of written settlement agreement discussed below. This amount is due and payable at Plaintiffs' administrative offices in Pasadena, California.

20.   A second audit of Young and Associates' records covering the time period from January 1, 2017, through present, is currently scheduled to begin in April 2018.

21.   Plaintiffs are informed and believe, and thereon allege, that Young and Associates has failed to pay certain additional amounts of fringe benefit contributions not presently known to Plaintiffs.  These additional amounts will be established by proof.

22.   Young and Associates is a "delinquent," as that term is used in the Master Agreement and related Trust Agreements.

23.   Plaintiffs are informed and believe, and thereon allege, that there is no legal excuse for Young and Associates' breach of its obligations under the Master Agreement and related Trust Agreements in violation of  section 515 of ERISA [29 U.S.C. § 1145].

24.   Young and Associates has failed to pay or to timely pay contributions owed to Plaintiffs, accruing since at least March 2016.  Pursuant to the Master Agreement, Young and Associates agreed that in the event Young and Associates failed to pay fringe benefit contributions or otherwise comply with the terms and provisions of the Master Agreement and related Trust Agreements, Young and Associates would be considered delinquent with Plaintiffs and would pay Plaintiffs ///

the greater of $25.00 per month or ten percent (10%) of the total amount then due as liquidated damages for each delinquency.

25.   Pursuant to section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], in any action by a fiduciary in which judgment is found in favor of the plan, the Court shall award the plan: (i) the unpaid contributions, (ii) interest on the unpaid contributions, (iii) an amount equal to the greater of (a) interest on the unpaid contributions or (b) liquidated damages provided for under the plan in an amount not in excess of 20% (or such higher percentage as may be permitted under federal or state law) of the amount determined by the Court to be unpaid contributions, (iv) reasonable attorneys' fees and costs, and (v) such other legal or equitable relief as the Court deems appropriate. For purposes of section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], interest on unpaid contributions shall be determined by using the rate provided under the plan or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1986, as amended, 26 U.S.C. § 6621.

26.   Pursuant to the Master Agreement, related Trust Agreements, and Section 502(g)(2)(C) of ERISA [29 U.S.C. § 1132(g)(2)(C)], Young and Associates owes Plaintiffs at least $3,247.08 for liquidated damages, plus additional amounts currently unknown to Plaintiffs that will be established by proof.

27.   Pursuant to the Master Agreement, related Trust Agreements, and Section 502(g)(2)(B) of ERISA [29 U.S.C. § 1132(g)(2)(B)], Young and Associates owes Plaintiffs interest at the rates established pursuant to 26 U.S.C. § 6621 from the respective due dates on all unpaid fringe benefit contributions.  The exact amount of interest owed by Young and Associates to Plaintiffs will be established by proof.

28.   By the Master Agreement and related Trust Agreements, Young and Associates agreed to pay Plaintiffs all legal and auditing costs in connection with the collection of any delinquency, whether incurred before or after litigation is commenced.  Plaintiffs have incurred and will incur audit costs in amounts not yet ascertained which will be established by proof.

29.    It has been necessary for Plaintiffs to engage legal counsel for the purpose of collecting said contributions and damages, and Plaintiffs are entitled to their reasonable attorneys' fees in connection therewith pursuant to the Master Agreement, Trust Agreements, and Section 502(g)(2)(D) of ERISA [29 U.S.C. § 1132(g)(2)(D)].  The exact amount of the legal fees due and payable has not been ascertained at this time.  These amounts shall be established by proof.

30.    Pursuant to Section 502(g)(2)(E) of ERISA [29 U.S.C. § 1132(g)(2)(E)], the Court may grant such other legal or equitable relief as the Court deems appropriate.  As part of Plaintiffs' judgment, Plaintiffs shall request the Court to:

(A)    Order Young and Associates to post and deliver either a good faith deposit or a performance bond issued in favor of Plaintiffs in an amount determined by the Court to be appropriate, and

(B)    Order the creation of a constructive trust on all applicable property and order the transfer of the applicable property to Plaintiffs, and

(C)    Order Young and Associates to pay to Plaintiffs all amounts due Plaintiffs, including, but not limited to, the unpaid contributions, other damages for breach of contract, legal fees, audit costs, and other expenses, and damages incurred.

## SECOND CLAIM FOR RELIEF

### *Breach of Written Settlement Agreement*

31.    Plaintiffs hereby incorporate paragraphs 1 through 30 above, inclusive of any and all subparagraphs, to the same effect as if set forth verbatim.

32.    On May 24, 2017, Young and Associates and Plaintiffs entered into a written settlement agreement ("Settlement Agreement") to resolve their dispute over Young and Associates' failure to timely pay Plaintiffs fringe benefit contributions, liquidated damages, and interest based on the Audit and Monthly Reports submitted by Young and Associates to Plaintiffs for the work months of January 2017 through April 2017.  A true and correct copy of the Settlement Agreement is attached hereto as ///

**Exhibit "A"**, the terms and provisions of which are incorporated herein as though set forth in full.

33.   Pursuant to the Settlement Agreement, Young and Associates admitted owing Plaintiffs the principal amount of $89,316.56 based on the Audit and Monthly Reports submitted by Young and Associates to Plaintiffs for the months of January 2017 through April 2017, and agreed to pay Plaintiffs the principal amount of $84,373.65, plus interest on the declining balance of that total sum at the rate of eight percent (8%) per annum from May 15, 2017, until the balance was paid in full. Plaintiffs and Young and Associates agreed that this sum would be paid in thirty three (33) monthly installment payments of $2,856.81 each.   The Settlement Agreement also requires Young and Associates to timely report and pay fringe benefit contributions and related amounts to Plaintiffs pursuant to the Master Agreement and related Trust Agreements.   Young and Associates agreed that if it defaulted under the Settlement Agreement by failing to timely pay the monthly installments, and/or failing to adhere to Young and Associates' monthly contribution obligations under the Master Agreement, then the principal amount of $89,316.56, plus 8% interest accruing from May 15, 2017, less all payments made under Settlement Agreement, would become immediately due and owing, and Plaintiffs would have the immediate right to take all necessary action to collect any and all amounts due, including attorneys' fees and costs.

34.   Young and Associates breached the Settlement Agreement by failing to timely pay fringe benefit contributions of at least $42,021.75 based on Monthly Reports submitted by Young and Associates to Plaintiffs for the work months of December 2017, January 2018, February 2018 and March 2018.   Plaintiffs provided written notice to Young and Associates of its breach of the Settlement Agreement. Young and Associates failed to timely cure the breach, resulting in default under the Settlement Agreement.   As of the date of this complaint, at least $72,171.03 remains due and owing to Plaintiffs under the Settlement Agreement after crediting any and all

payments received, plus Plaintiffs' reasonable attorneys' fees and costs pursuant to paragraph 11 of the Settlement Agreement.

35.     Plaintiffs are informed and believe, and thereon allege, that there is no pending unsatisfied condition subsequent or legal excuse for Young and Associates' failure to comply with the terms of the Settlement Agreement.

## PRAYER

**WHEREFORE**, Plaintiffs pray for judgment against Young and Associates as follows:

### FIRST CLAIM FOR RELIEF

1.     For unpaid fringe benefit contributions in the sum of $ 102,895.48, plus additional amounts as proved;

2.     For liquidated damages in the sum of $4,202.18, plus additional amounts as proved;

3.     For interest pursuant to section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], and section 6621 of the Internal Revenue Code of 1986, as amended, 26 U.S.C. § 6621, or at the legal rate, in amounts as proved;

4.     For audit costs incurred, in amounts as proved;

5.     For reasonable attorneys' fees and costs of suit incurred, in amounts as proved;

### SECOND CLAIM FOR RELIEF

6.     For damages for breach of contract in the sum of $72,171.03, plus additional amounts as proved;

7.     For interest as provided by contract in amounts as proved;

8.     For reasonable attorneys' fees and costs of suit incurred as provided by contract, in amounts as proved; and

### ALL CLAIMS FOR RELIEF

9.     For such additional relief as this Court deems just and proper, including, but not limited to, the following:

1212212

9.1    An Order for the creation of a constructive trust on all applicable property, and an Order for the transfer of the applicable property to Plaintiffs; and

9.2    For a good faith deposit or performance bond in favor of Plaintiffs in an amount equal to the total amount determined by this Court to be due to Plaintiffs, as proved.

Dated:   April 23, 2018          Respectfully Submitted,

LAQUER URBAN CLIFFORD & HODGE LLP

By: /S/ Michael Y. Jung

MICHAEL Y. JUNG
Counsel for Plaintiffs, Trustees of the Operating Engineers Pension Trust, et al.


## **WAIVER OF JURY TRIAL**

Plaintiffs hereby waive a jury trial in this action.


Dated:  April 23, 2018          LAQUER URBAN CLIFFORD & HODGE LLP

By: /S/ Michael Y. Jung

MICHAEL Y. JUNG
Counsel for Plaintiffs, Trustees of the Operating Engineers Pension Trust, et al.

1212212